## Livingston's Petition.

*Constables—Removal from office—Act of May 27, 1841—Boroughs—Filling vacancies in offices—Act of May 14, 1915.*

1. Section 14 of the Act of May 27, 1841, P. L. 400, which provides for the removal from office of any constable, on petition of his surety, when the court is satisfied that, from habits of intemperance or neglect of duty, he is unfit and incompetent to discharge his official duties, does not authorize the court to remove a constable because of malfeasance in office.

2. Section 1, article ii, chapter 8, of the Borough Act of May 14, 1915, P. L. 312-412, authorizes the Court of Quarter Sessions, on petition of the borough council, to fill vacancies occurring in any borough office; but where, upon the petition of the electors of a borough, the Court of Quarter Sessions improvidently appoints a borough constable, and no action is taken by the borough council in the matter, it will be presumed that the borough council is satisfied with the appointment as made, and the court will refuse to remove the appointee upon the petition of his surety.

Petition of George S. Livingston, praying for the removal of William P. Mundis, constable for the Borough of Hallam. Q. S. York Co.

*J. Edgar Small*, for petitioners; *Robert C. Fluhrer*, contra.

NILES, P. J., March 22, 1926.—It appears from the record in this case that E. J. Wambaugh, the constable of Hallam Borough, elected Nov. 6, 1923, resigned from office.

Feb. 11, 1924, upon petition of twelve persons representing themselves as qualified electors and residents of Hallam Borough, this court appointed William P. Mundis to the office and approved his bond, with George S. Livingston as surety in $1000 in the usual form.

Livingston's Petition.

July 7, 1924, George S. Livingston, the surety on the bond of Mundis as constable, presented a petition to this court asking that the official acts of Mundis be inquired into in order to ascertain whether or not he is unfit and incompetent to discharge his official duties.

This petition specifies complaints brought to the attention of the petitioner.

The substance of this complaint is that, after his appointment, Mundis entered into improper negotiations with the justice of the peace of the borough regarding fees and costs; offered to a Clifford Flaharty the use of slot-machines to be protected by the constable upon a division of profits, and also improper suggestions and conduct regarding punch-boards at Flaharty's place; instigating a prosecution without probable cause before Albert H. Shettel, justice of the peace of North York, against Austin Hauser; improper conduct regarding proceedings against Harvey S. Dietz, and an alleged nuisance caused by his slaughter-house.

The petition alleges that there are other numerous complaints which might be stated, consisting of assumption of authority and petty annoyances to the inhabitants of the borough.

It is also stated in the petition that this court was without jurisdiction to appoint William P. Mundis constable of the Borough of Hallam to fill the unexpired term of E. J. Wambaugh, for the reason that the petition for said appointment was signed by the residents and citizens of the Borough of Hallam instead of the borough council, as required by the Borough Act of May 14, 1915, § 1, art. II, chap. 8, P. L. 312-412, which provides as follows: "That the Court of Quarter Sessions may, on petition of the borough council, fill vacancies occurring in any borough office."

The only act to which the court's attention has been called authorizing the action invoked by this petition is the Act of Assembly approved May 27, 1841, § 14, P. L. 400.

This act provides that: "The Courts of Quarter Sessions of each county shall have full power, on petition of any surety of any constable setting forth the complaint and verified by affidavits, to inquire into the official conduct of such constable, and in all cases where said court shall be satisfied that from habits of intemperance or neglect of duty any constable is unfit and incompetent to discharge his official duties, it shall be lawful for said courts respectively to decree the removal of such constable from office, unless, &c."

This would seem to be an extraordinary remedy, limited to the case where the constable is shown to be unfit and incompetent because "of habits of intemperance or neglect of duty."

There is nothing in the petition or evidence taken to sustain it from which the court can find "habits of intemperance or neglect of duty."

The petition alleges malfeasance in office, for which, if established in a proper proceeding, there is adequate remedy.

There being no allegation and no proof of habits of intemperance or neglect of duty, such as is contemplated by the Act of 1841, our conclusion is that no action should be taken upon this petition by the court as this record stands.

At the argument it was urged that, as stated in the petition, the appointment of William P. Mundis to fill the vacancy caused by the resignation of E. J. Wambaugh was improvident and should not have been made, because the appointment was not upon petition of the borough council.

We are asked to revoke the appointment of Feb. 11, 1924, for this reason. This proposition cannot be approved.

A different question would be presented if the borough council, in accordance with the Borough Act, should present a petition asking that the vacancy

created by the resignation of Wambaugh, the constable elected in November, 1923, be filled by the appointment of the nominee of the borough council.

Until and unless this is done, the presumption would seem to be that the borough council is satisfied and tacitly approves the appointment of Mundis.

And now, to wit, March 22, 1926, the rule granted July 7, 1924, upon petition of George F. Livingston for the removal of William P. Mundis from office as constable of Hallam Borough, is discharged and the prayer of the petition is refused.

From Richard E. Cochran, York, Pa.